IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMERICANS FOR THE PRESERVATION
OF THE WESTERN ENVIRONMENT,
a New Mexico non-profit corporation;
ADOBE RANCH, a New Mexico ranching
operation; BEAVERHEAD RANCH; a New
Mexico ranching operation; ALAN TACKMAN;
THE GILA NATIONAL FOREST LIVESTOCK
PERMITTEES' ASSOCIATION, INC., a New
Mexico non-profit corporation; the OTERO
COUNTY BOARD OF COMMISSIONERS;
and the CATRON COUNTY BOARD OF
COMMISSIONERS,

       Plaintiffs,

vs.                                                No. CIV 10-0788 RB/CEG

BENJAMIN TUGGLE, Director, Region 2,
U.S. Fish and Wildlife Service;
TOD STEVENSON, Director, New Mexico
Department of Game and Fish; THE UNITED
STATES FISH AND WILDLIFE SERVICE;
and THE NEW MEXICO DEPARTMENT
OF GAME AND FISH,

       Defendants, and

CENTER FOR BIOLOGICAL DIVERSITY, INC.,
DEFENDERS OF WILDLIFE,

       Defendants-Intervenors.

## MEMORANDUM OPINION AND ORDER

       This matter came before the Court on Defendants New Mexico Department of Game and Fish and Tod Stevenson's (State Defendants') Motion to Dismiss and Memorandum in Support (Doc. 4), filed on September 29, 2010. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, I find that this Motion should be granted.

**I.     Background.**

On August 20, 2010, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief (NEPA and APA), in this Court, pursuant to the Administrative Procedures Act (APA), 5 U.S.C. § 701, contending that the U.S. Fish and Wildlife Service (USFWS) and the New Mexico Department of Game and Fish (NMDGF) violated the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321-4370f, in administering the Mexican Gray Wolf Reintroduction and Recovery Program (RRP) in New Mexico. The RRP was established by USFWS in the 1998 Final Rule for Establishment of a Nonessential Experimental Population of the Mexican Gray Wolf in Arizona and New Mexico, pursuant to Section 10(j) of the Endangered Species Act (ESA), 16 U.S.C. § 1539(j). *See* 50 C.F.R. § 17.84(k)

Plaintiffs allege that USFWS was required to supplement the final environmental impact statement (FEIS) for the RRP because USFWS: (1) failed to remove problem wolves from the wild (Compl. ¶¶ 64-97); (2) failed to adequately monitor the reintroduced Mexican wolf population (Compl. ¶¶ 98-116); and (3) withheld information concerning hybridization between Mexican wolves and coyotes, (Compl. ¶¶ 117-122).

Additionally, Plaintiffs allege that the State Defendants: (1) failed to budget adequate resources for wolf population counts (Compl. ¶ 130); (2) underfunded and understaffed state participation in the RRP (Compl. ¶ 150); withheld information concerning hybridization between Mexican wolves and coyotes (Compl. ¶¶ 119, 131); and (3) "violated principles of environmental justice by participating in the rules violations and underfunding and understaffing its participation in the reintroduction program." (Compl. ¶ 151).

Plaintiffs request: (1) a declaratory judgment declaring Defendants' deviation from the final rule and the FEIS as violations of NEPA; (2) a preliminary injunction enjoining Defendants from

proceeding with any management decisions which violate the final rule or the FEIS pending trial in this matter; (3) a permanent injunction enjoining Defendants from proceeding with any management decisions that violate the Final Rule of the FEIS until Defendants have reconsidered the FEIS; (4) an order requiring Defendants to fully find the actions on wolf removals and population counts; and (5) an order awarding attorney fees and costs to Plaintiffs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504.  (Compl. at 39.)

In the Motion to Dismiss, the State Defendants assert that Plaintiffs have failed to state a claim because they have failed to allege that the State Defendants have an obligation to administer NEPA, the ESA, or the FEIS pertaining to the RRP.  (*Id*.)

**II.    Standard.**

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss for failure to state a claim.  In 2007, the United States Supreme Court announced "a new (or clarified) standard: to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.' " *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007)).  The Supreme Court explained in *Twombly* that "a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss."  *Id.* (internal citation and brackets omitted).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  *Id.*

Under *Twombly*, Rule 12(b) motions "ask whether there is 'plausibility in [the] complaint.'" *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (*quoting Twombly*, 550 U.S. at 564).  In order to survive a Rule 12(b)(6) motion, the complaint "does not need

detailed factual allegations," *Twombly*, 550 U.S. at 555, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The question is whether, if the allegations are true, it is plausible, and not merely possible, that the plaintiff is entitled to relief under the relevant law. *Robbins*, 519 F.3d at 1247.

**III.     Discussion.**

Plaintiffs "concede that the federal courts have generally held that neither NEPA nor the [APA] in itself provides a cause of action against state actors." (Doc. 5 at 1.) Plaintiffs are correct. By its terms, the APA applies only to "authorit[ies] of the Government of the United States". 5 U.S.C. § 551(1). Similarly, NEPA applies to "all agencies of the Federal Government". 42 U.S.C. § 4332. Nevertheless, Plaintiffs assert that "federal courts have a form of pendent jurisdiction . . . based upon necessity over claims for injunctive relief brought against state actors in order to preserve the integrity of federal remedies." (Doc. 5 at 1.)

In support of this assertion, Plaintiffs rely on *South Carolina Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 330 (4th Cir. 2008); *Sierra Club v. U.S. Fish and Wildlife Serv.*, 235 F.Supp.2d 1109, (D. Or. 2002); *Homeowners Emergency Life Prot. Comm. v. Lynn*, 541 F.2d 814, 818 (9th Cir. 1976); *Biderman v. Morton*, 497 F.2d 1141, 2247 (2nd Cir. 1974); *Silva v. Romney*, 473 F.2d 287, 289-90 (1st Cir. 1973); and *Scottsdale Mall v. State of Ind.*, 549 F.2d 484, 489 (7th Cir. 1977).

The rationale of these cases is that an injunction may issue in a NEPA case against a non-federal party who receives federal financial assistance in furtherance of the challenged activity or who has entered into a partnership or joint venture with the federal government to perform construction projects. *See Homeowners Emergency Life Prot. Comm. v. Lynn*, 541 F.2d at 818 (observing "an injunction in a NEPA context can issue against a nonfederal party who receives federal financial assistance in furtherance of the challenged activity"); *Biderman v. Morton*, 497 F.2d

4

at 1147 (stating "non-federal parties may be enjoined, pending completion of an EIS, where those non-federal entities have entered into a partnership or joint venture with the Federal Government, and are thus recipients of federal funding"). This rationale is inapplicable herein because Plaintiffs do not seek to enjoin the State Defendants from continuing a challenged activity; rather they seek an injunction requiring that the State Defendants take positive actions.

*Limehouse* is illustrative of this critical distinction. In *Limehouse*, environmental groups brought suit against the Federal Highway Administration and the South Carolina Department of Transportation (SCDOT), alleging violations of NEPA, arising from the proposed construction of a highway bridge. *Limehouse*, 549 F.3d at 327. SCDOT was heavily involved in the entire FEIS process required by federal law and was an active participant in the bridge project. *Limehouse*, 549 F.3d at 330 n.4. These factors distinguish *Limehouse* from the factual allegations of the instant case.

Notably, the federal remedy at issue in *Limehouse* was reconsideration of the FEIS. *Limehouse*, 549 F.3d at 331. If SCDOT had proceeded with the bridge project during the litigation, reconsideration of the FEIS would have been irreparably impacted by the change in circumstances. *Id*. The Fourth Circuit held that "[b]ecause action by the Director [of SCDOT] to further the project prior to [reconsideration of the FEIS] could fundamentally alter the project's calculus and thereby undermine the federal remedy, the court had jurisdiction to enjoin such action" by SCDOT. *Limehouse*, 549 F.3d at 331.

The federal remedy in *Limehouse* could have been undermined if the court did not enjoin the SCDOT from proceeding with the project. This is a crucial factual difference between *Limehouse* and the case sub judice. Herein, Plaintiffs allege that the State Defendants: (1) failed to budget adequate resources for wolf population counts (Compl. ¶ 130); (2) underfunded and understaffed state participation in the RRP (Compl. ¶ 150); withheld information concerning hybridization

5

between Mexican wolves and coyotes (Compl. ¶¶ 119, 131); and (3) "violated principles of environmental justice by participating in the rules violations and underfunding and understaffing its participation in the reintroduction program." (Compl. ¶ 151). Essentially, Plaintiffs allege that the State Defendants have failed to act. None of the factual allegations herein indicate continued alleged inaction by the State Defendants would alter the status quo or undermine a federal remedy. Accordingly, the rationale of *Limehouse* and the authorities cited by Plaintiffs is inapplicable to Plaintiffs' factual allegations against the State Defendants.

Additionally, Plaintiffs cite no controlling authority and their authorities are inconsistent with Tenth Circuit precedent. For instance, in *Limehouse*, the Fourth Circuit held that "NEPA does provide a cause of action for private plaintiffs challenging compliance with its provisions." *Limehouse*, 549 F.3d at 331. In contrast, binding Tenth Circuit law holds that NEPA provides no private cause of action. *New Mexico ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 719 (10th Cir. 2009) (holding NEPA challenges must be brought under the APA because NEPA provides no private cause of action); *Utah Envtl. Congress v. Russell*, 518 F.3d 817, 823 (10th Cir. 2008) (same). Due to their inconsistency with controlling Tenth Circuit authority, these authorities are unpersuasive, as well as inapplicable.

In order to survive a motion to dismiss for failure to state a claim, Plaintiffs must allege sufficient factual allegations to raise the "right to relief above the speculative level." *Twombly*, 550 U.S. at 564. The operative question is whether, if the allegations are true, it is plausible, and not merely possible, that Plaintiffs are entitled to relief under the relevant law. *Robbins v. Okla.*, 519 F.3d at 1247. Plaintiffs' allegations with respect to the State Defendants do not meet this standard because they do not allege sufficient facts to state a plausible claim as to the State Defendants. Accordingly, the allegations against the State Defendants should be dismissed.

**THEREFORE,**

  **IT IS ORDERED** that Defendants New Mexico Department of Game and Fish and Tod Stevenson's Motion to Dismiss and Memorandum in Support (Doc. 4), filed on September 29, 2010, is **GRANTED**.

                _____
                **ROBERT C. BRACK**
                **UNITED STATES DISTRICT JUDGE**